UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CINDY CURTIS and DEMETRE CAMBOURIS  )<br>    Plaintiffs,                                )<br>                                                 )<br>v.                                                     )<br>                                                 )<br>NICHOLAS GALAKATOS,                     )<br>as owner of the M/V GALANI               )<br>    Defendant.                                   ) | Civil Action No. 19-10786 |

## **THE PARTIES**

1. Plaintiff, **Cindy Curtis**, is at all pertinent times a New York resident domiciled in Eastport.

2. Plaintiff, **Demetre Cambouris**, is at all pertinent times a New York resident domiciled in Eastport.

3. The Defendant, **Nicholas Galakatos** is at all pertinent times a Massachusetts domiciled in Boston.

4. That at all times hereinafter mentioned **Nicholas Galatakos** was the owner of the **M/V GALANI**, a Ribco S.A. Seafarer vessel bearing registration number TS1005-B.

5. That at all times hereinafter mentioned **Demetre Cambouris** was the owner of the **M/V MARINA**, a vessel bearing registration number LM 620.

## **JURISDICTION**

6. This is a case of maritime jurisdiction pursuant to 28 U.S.C. § 1333(1), and diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## **FACTUAL ALLEGATIONS**

7. On or about August 9, 2018, **Cindy Curtis** was on vacation in the Paros-Antiparos Straight located in Greece.  The Paros-Antiparos Straight was and is a public waterway.

8. On or about August 9, 2018, **Cindy Curtis** was a passenger aboard the **M/V MARINA**, which was being piloted by her husband, **Demetre Cambouris** at the aforesaid location.

9. That on August 9, 2018, the **M/V GALANI**, was maintained by **Nicholas Galatakos**.

10. That on August 9, 2018, the **M/V GALANI**, was controlled by **Nicholas Galatakos**.

11. That on August 9, 2018, Dimitiros Faroupas, was an agent of **Nicholas Galatakos**.

12. That on August 9, 2018, the **M/V GALANI**, was being piloted by Dimitiros Faroupas, with the express consent of **Nicholas Galatakos**.

13. That on August 9, 2018, the **M/V GALANI**, was being piloted by Dimitiros Faroupas, with the implied consent of **Nicholas Galatakos**.

14. That on August 9, 2018, the **M/V GALANI**, was being piloted by Dimitiros Faroupas, with the knowledge of **Nicholas Galatakos.**

15. That on August 9, 2018, the **M/V GALANI**, was being piloted by Dimitiros Faroupas, in the scope of his employment.

16. That on August 9, 2018 at approximately 5:30 p.m., the **M/V GALANI**, owned by **Nicholas Galatakos** came in violent contact with the **M/V MARINA** operated by **Demetre Cambouris** at the aforesaid location.

17. That on August 9, 2018 at approximately 5:30 p.m., the **M/V MARINA** was struck forcefully in the stern by the vessel **M/V GALANI**, which was traveling at an extreme rate of speed.

18. Upon collision with the **M/V MARINA**, the **M/V GALANI** traveled over the passenger area of the **M/V MARINA** before crashing back down into the water on the opposite side of the **M/V MARINA**.

19. While the **M/V GALANI** was traveling over the passenger area of the **M/V MARINA**, its hull and propellers struck **Cindy Curtis**, resulting in her sustaining multiple life-threatening injuries.

20. That on August 9, 2018, as a result of the extensive damage caused by the collision, the **M/V MARINA** sank at the aforesaid location.

21. After the incident, Defendant's agent Dimitiros Faroupas was arrested by the Greek Authorities and charged with Provocation of Shipwreck under Article 225 of the Code of Public Maritime Law, Articles 277-78.

**COUNT I**
GENERAL MARITIME LAW
(Negligence)

22. Paragraphs 1-21 are re-alleged and incorporated herein.

23. The Defendant, his agents, servants, employees were negligent, careless, reckless and grossly negligent in the ownership, operation, management, maintenance, supervision and control of the vessel; in failing to keep the vessel under proper, prudent and reasonable control; in operating said vessel at an excessive and unlawful rate of speed under the conditions and circumstances prevailing at and prior to, the occurrence, in failing to give the other vessels the right of way; in failing to keep a proper look out; in failing to maintain a proper and safe distance from other vessels; in failing to see and observe the waterway; in failing to observe other vessels; in failing to give any sound signal and/or warning of the approach of the vessel; in causing said vessel to collide and/or come in contact with Plaintiff's vessel; in striking another vessel in the stern; in failing to comply with statutes and or ordinances pertaining to boating traffic; in failing to avoid the collision; in failing to take any early or substantial action to keep clear and avoid colliding with Plaintiff's vessel; in failing to keep clear of a vessel being overtaken; in failing to reduce speed, stop or reverse engines until the danger of the collision passes; in failing to operate the vessel with due regard to the safety of others; in failing to observe what was available to be observed; in failing to observe Plaintiff's vessel in the waterway; in operating said vessel at a fast and/or excessive rate of speed and in a manner contrary to and in violation of applicable rules and regulations and/or ordinances of navigation; in failing to make promptly and timely use of steering mechanism and or throttle; in failing to avoid the collision; in

the negligent hiring of said agents, servants, employees; in failing to adequately train and supervise said agents and employees; in failing to properly instruct agents and employees in the use of said vessel; in providing an incompetent crew and or pilot and in otherwise being negligent, careless and reckless in the ownership, operation, maintenance, supervision and control of the **M/V GALANI**.

24. The collision am damages sustained by the Plaintiff was caused by wholly by the fault of the defendant, his agents, or servants by their negligent operation of the vessel **M/V GALANI**.

25. As a result of this negligent conduct, **Cindy Curtis** suffered severe, life threatening injuries. Further, the incident caused **Cindy Curtis** to experience severe pain and suffering, mental anguish and other damages that will be shown at trial.

## COUNT II
### LOSS OF CONSORTIUM

26. Paragraphs 1-25 are re-alleged and incorporated herein.

27. That at all times hereinafter mentioned, **Demetre Cambouris** was and still is the husband of **Cindy Curtis** and as such, they duly reside and cohabit together.

28. That by reason of the aforesaid carelessness, recklessness and negligence and resulting injuries to his wife, **Cindy Curtis**, **Demetre Cambouris** has been and will continue to be deprived of the services, society, companionship, consortium and support of his wife and said plaintiff has been and will continue to be compelled to incur and/or expend various sums of money for hospital and medical expenses on his wife's behalf.

## COUNT II
### PROPERTY DAMAGE

29. Paragraphs 1-28 are re-alleged and incorporated herein.

30. That at all as a result of the damage sustained in the collision, the vessel owned by **Demetre Cambouris** was completely destroyed and sunk. That the loss of the vessel was due to the

negligence of Defendant as previously alleged herein.

31. That **Demetre Cambouris** has been damaged due to the loss of his property.

32. The amount of damages sought herein exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction.

REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant for:

1. Economic and compensatory damages in amounts to be determined at trial;

2. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

3. Attorney's fees and costs of litigation;

4. Such other and further relief as the court deems proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted
For the Plaintiffs,
By their attorney,

/s/ Brian Keane
Brian Keane, B.B.O. No. 656717
Jordan Schlissel B.B.O No. 703913
Keane Law Group, P.C.
110 K Street, Suite 330
Boston, MA 02127
(617) 313-2900
bkeane@keanelawgroup.com
jschlissel@keanelawgroup.com