UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10786-GAO

CINDY CURTIS and DEMETRE CAMBOURIS,
Plaintiffs,

v.

NICHOLAS GALAKATOS,
Defendant.

OPINION AND ORDER
August 11, 2020

O'TOOLE, S.D.J.

The plaintiffs, Cindy Curtis and her husband, Demetre Cambouris, allege that Ms. Curtis was injured while vacationing in Greece when their boat was struck by another boat, the "M/V Galani." The Galani was owned by the defendant, Nicholas Galakatos. The plaintiffs assert claims against the defendant for personal injury by negligence under general maritime law, loss of consortium, and property damage. Pending before this Court are the defendant's motion to dismiss the action on the ground of *forum non conveniens*, and the plaintiff's cross-motion for discovery.

Each of the parties to this action is an American citizen. Ms. Curtis and her husband are New York residents, and Mr. Galakatos is a Massachusetts resident who owns property on the Greek island of Antiparos. The complaint alleges the following:

In September 2018, Ms. Curtis was riding as a passenger in her husband's boat, the "M/V Marina" (the "Marina") in the Paros-Antiparos Strait when the Galani collided with the Marina. Although Mr. Galakatos owns the Galani, it was being piloted at the time of the collision by Dimitrios Faroupos, the defendant's gardener. The Galani passed over the passenger area of the Marina, where Ms. Curtis was struck by the hull and propellers of the boat. As a result, Ms. Curtis

suffered multiple bone fractures and deep lacerations on her left leg for which she has received extensive treatment in both Greece and the United States. The Marina was damaged and sank. After the collision, the Greek Port Authority conducted an initial investigation of the cause of the accident and received sworn testimony from approximately thirteen witnesses.

The Court begins its analysis of a motion to dismiss on the ground of *forum non conveniens* with the presumption that the "plaintiff's choice of forum should rarely be disturbed."[1] See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981)). Accordingly, the defendant "bears the burden of showing both that an adequate alternative forum exists and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." Interface Partners Int'l v. Hananel, 575 F.3d 97, 101 (1st Cir. 2009) (quoting Iragorri v. Int'l Elevator, 203 F.3d 8, 12 (1st Cir. 2000)).

An adequate alternative forum exists "if the defendant demonstrates that the alternative forum addresses the types of claims that the plaintiff has brought and that the defendant is amenable to service of process there." Id. (quoting Iragorri, 203 F.3d at 12). Here, Greece is an "available" forum because Galakatos has stipulated in a sworn declaration that he will submit to the jurisdiction of a Greek court. (Decl. Nicholas Galakatos ¶ 9 (dkt. no. 17)); see Mercier v. Sheraton Int'l, Inc., 981 F.2d 1345, 1349–1350 (1st Cir. 1992); Snöfrost AB v. Håkansson, 353 F.

---

[1] It is undisputed that "a plaintiff enjoys some degree of deference for his original choice of forum," Interface Partners Int'l Ltd. v. Hananel, 575 F.3d 97, 101 (1st Cir. 2009) (quoting Adelson v. Hananel, 510 F.3d 43, 53 (1st Cir. 2007)). Nevertheless, the First Circuit has noted "some tension in our case law regarding whether a district court . . . should accord a plaintiff's choice of a *home* forum 'heightened deference.'" Id. (emphasis in original). Although the plaintiffs are both New York domiciliaries, in the present circumstances Massachusetts is considered their home forum. See Adelson, 510 F.3d at 53 (noting that where the plaintiff is not a Massachusetts domiciliary, Massachusetts is still deemed a home forum where the alternative is foreign). It is not necessary to resolve this tension because, based on the balancing of the private and public interest factors described below, the decision on this motion would be the same whether the plaintiffs' choice of forum were accorded the higher degree of deference cited in Adelson, 510 F.3d at 53, or the slightly lower one described in Iragorri v. Int'l Elevator, Inc., 203 F.3d 8, 15 (1st Cir. 2000). See Interface Partners, 575 F.3d at 101–102.

Supp. 3d 99, 104 (D. Mass. 2018). Although the parties do not appear to dispute that Greek courts can and do hear the types of claims that are at issue in this action, the plaintiffs nonetheless assert that Greece is an inadequate forum for a variety of reasons. However, the defendant has successfully demonstrated through expert declarations that Greece is an adequate forum, especially since the Court may set conditions on its dismissal of this action.[2] See Ahmed v. Boeing Co., 720 F.2d 224, 225 (1st Cir. 1983) (affirming conditional dismissal) (conditional dismissal sufficient to cure alleged inadequacies in alternative available forum); accord Mercier, 981 F.2d at 1352.

First, "a remedy is inadequate only if it is 'basically unjust.'" Imamura v. Gen. Elec. Co., 371 F. Supp. 3d 1, 9 (D. Mass. 2019) (quoting Ahmed, 720 F.2d at 226); see also Mercier, 981 F.2d at 1350. Although the plaintiffs contend that in Greece their damages for Curtis' injuries would be capped below her potential recovery here, their own expert acknowledges that she could still receive as much as approximately €480,000.[3] (See Decl. Nicholas Gerassimou ¶ 5.6 (dkt. no. 32-1).) This potential remedy is not "basically unjust." Cf. Imamura, 371 F. Supp. 3d at 9; Rodriguez v. Samsung Elecs. Co., 734 F. Supp. 2d 220, 224–25 (D. Mass. 2010).

---

[2] The parties' expert declarants disagree as to whether any of the plaintiffs' claims may be barred by a statute of limitations in Greece. (See Decl. Nicholas Gerassimou ¶ 6.1 (dkt. no. 32-1).); Def. Galakatos Reply Mem. Supp. Mot. for *Forum Non Conveniens* Dismissal, Ex. A at 12 (dkt. no. 38-1).) The Court need not resolve the foreign choice of law question that appears to be determinative of this issue because it will condition dismissal of this case upon the defendant's waiver of any statute of limitations defense and acceptance of that waiver by the Greek courts. See Mercier v. Sheraton Int'l, Inc., 981 F.2d 1345, 1352, n.6 (1st Cir. 1992) (affirming dismissal on ground of *forum non conveniens* where district court conditioned dismissal on defendant's affirmative waiver of all statute of limitations defenses "provided that the Courts of the Republic of Turkey shall give full force and effect to such waiver").

[3] The defendant's expert disputes that this cap would apply. (Def. Galakatos Reply Mem. Supp. Mot. for *Forum Non Conveniens* Dismissal Ex. A at 6 (dkt. no. 38-1).) "([T]he implication of Mr. Gerassimou in paragraph 5.[6] of his Declaration that, if this case is tried in Greece, the defendant will be entitled to limit his liability. . . is wrong, as the owner of the M/V Galani is not entitled to any limitation under Greek law.") Because the cap, if it applies, permits a very substantial recovery and not a merely symbolic one, it is not necessary to resolve the dispute.

Second, the lack of a right to a jury trial does not deprive the plaintiffs of their ability to have their claims fairly decided in Greece. See Zweig v. Nat'l Mortg. Bank of Greece, No. 91 CIV. 5482 (CSN), 1993 WL 227663, at *8 (S.D.N.Y. June 21, 1993) (granting motion to dismiss on the ground of *forum non conveniens*) ("It appears that the primary procedural difference between this forum and the Greek forum is the fact that jury trials are unavailable in civil matters. However[,] this procedural difference cannot be used as a basis for denying this motion."). Greece is both an available and adequate forum for this action.

In deciding a motion to dismiss for *forum non conveniens,* the Court considers both "private interest" and "public interest" factors. See Interface Partners, 575 F.3d at 101. The private interest factors include access to sources of proof, availability of compulsory process, costs of securing attendance of witnesses, the possibility of viewing premises (if appropriate), and "all other practical problems that make trial of the case easy, expeditious, and inexpensive." See Interface Partners, 575 F.3d at 101 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)); LTX Corp. v. Daewoo Corp., 979 F. Supp. 51, 59–60 (D. Mass. 1997), aff'd, 141 F.3d 1149 (1st Cir. 1998) (quoting Mercier, 981 F.2d at 1354). With respect to public interest factors, the Court considers "such things as the administrative difficulties of docket congestion; the general goal of 'having localized controversies decided at home,' and concomitantly, ease of access to the proceedings on the part of interested citizens; the trier's relative familiarity with the appropriate rules of decision; and the burdens of jury duty." Interface Partners, 575 F.3d at 101 (quoting Gulf Oil Corp., 330 U.S. at 508).

The private interest factors weigh in favor of prosecution of this action in Greece. The fact that the accident and any alleged misconduct by the defendant and/or his agent occurred in Greece "weighs heavily in favor of the foreign forum." See Interface Partners, 575 F.3d at 104; Nandjou

v. Marriott Int'l, Inc., No. 18-CV-12230-ADB, 2019 WL 5551438, at *5 (D. Mass. Oct. 28, 2019). First, the vast majority of key fact witnesses, including eyewitnesses to the collision, Ms. Curtis' Greek treating physicians, and the pilot of the Galani, all reside in Greece, and only a Greek court has the power to compel the testimony of Greek witnesses. See Nandjou, 2019 WL 5551438 at *6 (quoting Howe v. Goldcorp Investments, Ltd., 946 F.2d 944, 951 (1st Cir. 1991)). The plaintiffs have submitted declarations from four of Curtis' treating physicians in the United States who each testify that they cannot travel to Greece. While it is true that trial in Greece would likely dissuade certain witnesses from appearing in person, because the majority of key witnesses regarding both liability and damages are located in Greece beyond the subpoena power of this Court, problems of proof would be exacerbated, not ameliorated, by a trial here. See Iragorri, 203 F.3d at 16. Immediately following the collision, Ms. Curtis was treated by a number of Greek physicians for more than a month before she returned to New York. No suggestion is made that these doctors would be unwilling or unable to testify in Greece as to the nature and extent of her injuries.[4] It is also significant that Greek authorities conducted a criminal investigation of this incident in which they examined physical evidence and sworn testimony from witnesses. (See Decl. Paris Karamitsios at 14–15 (dkt. no. 18); Decl. Nicholas Gerassimou ¶ 2.3).) It would be substantially fairer for this action to be heard in the place where the majority of key fact witnesses and other evidence are located and accessible. See Howe, 946 F.2d at 951 (finding Canada to be the more appropriate forum where most of the evidence and witnesses were located there).

      The public interest factors also weigh in favor of prosecution of this action in Greece. It is likely that Greek law will apply to the claims in this action. Although this factor is not dispositive,

---

[4] Additionally, Ms. Curtis would apparently be entitled to submit supporting affidavits to a Greek court from her U.S. medical providers. (Def. Galakatos Reply Mem. Supp. Mot. for *Forum Non Conveniens* Dismissal, Ex. A at 9 (dkt. no. 38-1).)

as courts in the United States often apply foreign law, a court's unfamiliarity with foreign law nonetheless weighs somewhat in favor of dismissal. See Imamura, 371 F. Supp. 3d at 14 (citing Piper, 454 U.S. at 260 & n.29); Interface Partners, 575 F.3d at 106–07. Although the United States has a strong interest in adjudicating disputes between its own citizens, see Iragorri, 203 F.3d at 16, this interest is outweighed by the facts that the collision occurred in Greece and much of the relevant evidence is located there. To put it simply, "this case has a great deal to do with [Greece]," Interface Partners, 575 F.3d at 106 (quoting Howe, 946 F.2d at 953)), and its connections to Massachusetts are attenuated. The overall balance of private and public interest factors strongly favors Greece as the more convenient and efficient forum in which to try this action.

For the aforementioned reasons, the defendant's Motion for *Forum Non Conveniens* Dismissal (dkt. no. 15) is GRANTED, conditioned on the defendant's submission to the jurisdiction of the Greek courts; his waiver of any statute of limitations defense and acceptance of the waiver by the Greek courts; and his agreement to satisfy any judgment by the Greek courts issued against him in favor of the plaintiffs.

The plaintiffs' Cross-Motion for Discovery (dkt. no. 33) is DENIED.

This action is DISMISSED on the conditions stated.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge